# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

DALLAS JAY STEWART,

        Petitioner,             :      Case No. 1:16-cv-081

  - vs -                             Chief Judge Waverly D. Crenshaw, Jr.
                                     Magistrate Judge Michael R. Merz

TAMMY FORD, Warden,

                             :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. It has been referred to the undersigned United States Magistrate Judge who is sitting by assignment in the Middle District of Tennessee (ECF No. 26[1]).

Petitioner avers that he was convicted in the Marshall County Circuit Court on June 8, 2011, and sentenced to fifty years imprisonment upon his convictions for rape of a child, aggravated sexual battery, and exhibition of harmful material to a minor. He pleads the following grounds for relief:

> **Ground One:** Ineffective Assistance of Trial Counsel
>
> **Supporting Facts:** Trial counsel failed (1) to interview and call as witnesses at trial Charlse Legendre, Beverly Cotton, Dr. Barbara Olsen, and Tommy Cox; (2) to offer evidence demonstrating the causal link between petitioner's tourette's syndrome and the alleged criminal conduct; (3) failed to offer mitigating evidence of tourette's syndrome at sentencing.

---

[1] "ECF No." is an abbreviation for "electronic case filing number.

> **Ground Two:** Ineffective Assistance of Post-Conviction Counsel
> **Supporting Facts:** Post-conviction counsel failed (1) to timely file an amended petition for post-conviction relief; (2) to conduct a competent investigation into the allegations in the petition for post-conviction relief including not using the services of a private investigator and not calling at the evidentiary hearing the same witnesses trial counsel failed to call; (3) to offer testimony on trial counsel's failure to obtain and present expert testimony on petitioner's tourette's syndrome; (4) to offer an evaluation report from polygraph expert Tommy Cox; (5) to timely obtain and review the trial transcripts.

(Petition, ECF No. 1)(Due to their length, the supporting facts are summarized rather than being quoted verbatim.)

# Analysis

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983). There is no constitutional right to the assistance of counsel in post-conviction proceedings. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002). Because there is no constitutional right to

effective assistance of counsel in post-conviction proceedings, Mr. Stewart's Second Ground for Relief fails to state a claim upon which habeas corpus relief can be granted.

However, in *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

132 S. Ct. at 1318-1319. In *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), the Court extended *Martinez* to the Texas system. The Sixth Circuit has held that the *Martinez/Trevino* exception applies in Tennessee, *Sutton v. Carpenter*, 745 F.3d 787, 789 (6th Cir. 2014). Thus if the Tennessee courts found that Mr. Stewart procedurally defaulted on an ineffective assistance of trial counsel claim, that claim was not raised in post-conviction, and the failure to raise the claim is a deficiency in performance that meets the *Strickland* standard, that deficiency could serve as excusing cause for the procedural default.

Mr. Stewart filed his Petition for Post Conviction Relief raising a number of claims, among which were the following claims of ineffective assistance of trial counsel:

1. Failure to prevent evidence that Stewart took a polygraph examination.

2. "Opening the door" to uncharged allegations made against Stewart in Williamson County.

3

3. Failure to object to prosecutorial comment on forensic evidence in opening statement

4. Failure to call nurse Beverly Cotton to testify that epithelial cells found in victim M.A.[2] were not identified as coming from Stewart.

5. Failure to conduct a background check on the mother of victim A.G.

6. Failure to interview and call Charlse Legendre, the forensic interviewer who first interviewed A.G.

7. Failure to file a motion to suppress two guns used against Stewart in evidence.

8. Failure to call assistant district attorney Weakley Barnard as a defense witness

9. Failure to address an error in Stewart's bond with the clerk of court.

10. Failure to offer evidence of diminished capacity due to Tourette's Syndrome

11. Failure to subpoena video surveillance footage from the Lewisburg Police Department taken on August 18, 2009.

12. Failure to point out at sentencing an error of fact which resulted in consecutive sentencing.

(Application, ECF No. 21-14, PageID[3] 1286-92.)

Each of these claims was dealt with on the merits by the trial judge who heard the post-conviction proceedings. However, the only claims of ineffective assistance of trial counsel raised on appeal were items one and two above, relating to the polygraph and the uncharged conduct in Williamson County (Brief, ECF No. 21-19, PageID 1674). Both of those claims were dealt with on the merits by the Tennessee Court of Criminals Appeals. However, all of the sub-claims alleged to constitute ineffective assistance of trial counsel in Ground One of the Petition

---

[2] This Court follows the same practice as the Tennessee Court of Criminal Appeals of referring to minor victims of sexual offenses by their initials.
[3] PageID refers to the sequential page number applied by the electronic filing system to each page of each document filed in a federal court.

were omitted from the post-conviction appeal and were thereby procedurally defaulted. Obviously, when an issue is omitted from an appeal of right and the state law in question provides no way that issue can be re-inserted into the process, the appellant had defaulted on the claim.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

Stewart cannot use the *Martinez/Trevino* exception to excuse this procedural default because that exception does not apply to deficiencies in the performance of post-conviction appellate counsel. *Davila v. Davis*, 582 U.S. ___, 137 S. Ct. 2058, 198 L. Ed. 2d 603 (2017).

**Conclusion**

Mr. Stewart has procedurally defaulted on his claims of ineffective assistance of trial counsel pleaded in Ground One and Ground Two does not state a claim upon which habeas corpus relief can be granted. It is therefore respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 28, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See*

*United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).